1  KARA L. JASSY, Bar No. 198846
   kjassy@littler.com
2  MIRANDA A. MOSSAVAR, Bar No. 279251
   mmossavar@littler.com
3  LITTLER MENDELSON, P.C.
   633 West 5th Street, 63rd Floor
4  Los Angeles, CA 90071
   Telephone: 213.443.4300
5  Facsimile: 213.443.4299

6  Attorneys for Defendant
   STAPLES THE OFFICE SUPERSTORE, LLC
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10 | JANICE REYES,                        | Case No. **19-cv-7086**
11 |              Plaintiff,              | **DEFENDANT STAPLES THE OFFICE SUPERSTORE, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL**
12 | v.                                   |
13 | STAPLES THE OFFICE                   | [28 U.S.C. §§ 1332, 1441, 1446]
14 | SUPERSTORE, LLC, and DOES 1          |
   | through 100, Inclusive,              | State Complaint Filed: June 10, 2019
15 |                                      | [Los Angeles County Superior Court
   |              Defendants.             | Case: No. 19STCV20091
16 |                                      |

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

**TO THE CLERK OF THE COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant STAPLES THE OFFICE SUPERSTORE, LLC ("Defendant" or "Staples") hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) in that it is a civil action wherein the amount in controversy for the named Plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

Defendant makes the following allegations in support of removal:

## I.   PLEADINGS, PROCESS AND ORDERS

1. This lawsuit arises out of Plaintiff Janice Reyes' ("Plaintiff") employment with Staples.

2. On June 10, 2019, Plaintiff filed a Complaint in the Superior Court of the State of California, Los Angeles County, entitled *JANICE REYES, Plaintiff, vs. STAPLES THE OFFICE SUPERSTORE, LLC, and DOES 1 through 100, inclusive, Defendants,* designated as Case No. 19STCV20091 (the "Complaint").

3. The Complaint purports to assert the following causes of action: (1) harassment in violation of the California Fair Employment and Housing Act ("FEHA"); (2) national origin and race discrimination in violation of the FEHA; (3) failure to remedy and prevent discrimination and harassment in violation of the FEHA; (4) wrongful termination in violation of public policy; and (5) negligent retention and supervision. (Declaration of Miranda A. Mossavar ("Mossavar Decl.) ¶ 2, Ex. 1.)

4. Staples employed Plaintiff at the time of the termination of her employment. (Declaration of Sandra Kruel Anderson ("Anderson Decl.") ¶ 3.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

2.

5.     The Complaint also names as defendants "DOES 1 through 100, Inclusive."  Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint.  Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(b).

6.     On July 15, 2019, Defendant's registered agent received the summons and Complaint via process server.  At the same time, it received copies of the Service of Process Transmittal, Summons, Stipulation – Discovery Resolution, Stipulation – Early Organizational Meeting, Informal Discovery Conference, Stipulation and Order – Motions in Limine, Alternative Dispute Resolution (ADR) Information Package, First Amended General Order, Notice of Case Assignment – Unlimited Civil Case, and the Complaint. (Mossavar Decl. ¶ 3, Ex. 1.)

7.     On August 13, 2019, Defendant filed its Answer to Plaintiff's Complaint in State Court.  *Id.* ¶ 4, Ex. 2.

8.     No other documents have been served upon Defendant at this time in the State Court action.  (Mossavar Decl. ¶ 5.)

9.     As of the date of this Notice of Removal, no other parties have been named/served with the Summons and Complaint in this action.  *Id.*

## II.     TIMELINESS OF REMOVAL

10.    An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim, and within one-year of the commencement of the action.  *See* 28 U.S.C. § 1446(a)-(b).

11.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and (c), as it is being filed within thirty days of service of the Complaint on Defendant Staples the Office Superstore, LLC, on July 15, 2019, and within one year after

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

3.

1    commencement of this action.

2    **III.    JURISDICTION AND VENUE**

3           12.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a)

4    because this action originally was filed and is pending in the Superior Court of the State

5    of California for Los Angeles County.

6           13.    As discussed below, this Court has original jurisdiction over this action

7    pursuant to 28 U.S.C. § 1332(a), and this action may be removed to this Court by

8    Defendant pursuant to 28 U.S.C. §§ 1441 and 1446, because it is a civil action between

9    citizens of different states and the amount in controversy exceeds $75,000.00, exclusive

10   of interest and costs.

11   **IV.    DIVERSITY OF THE PARTIES**

12          14.    To establish citizenship for diversity purposes, a person is a "citizen" of

13   the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704

14   F.2d 1088 (9th Cir. 1983); see *also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir.

15   2001) (citizenship determined at the time the lawsuit is filed).  A person's domicile is

16   the place he or she resides with the intention to remain, or to which he or she intends to

17   return.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18          15.    **Plaintiff's Citizenship**:  Plaintiff alleges in the Complaint that, at all

19   relevant times, she was an individual residing in California. (Compl. ¶ 1.)  Furthermore,

20   Plaintiff's last known address on file with Defendant is located in California. (Anderson

21   Decl. ¶ 3.)  During her employment with Defendant, which spanned from March 2014

22   into February 2018, Plaintiff lived, worked, and was physically present in California,

23   thus demonstrating an intent to remain in California by residing and working in

24   California for almost four years.  *Id.*  Accordingly, **<u>Plaintiff is a citizen of California</u>**

25   for purposes of analyzing diversity jurisdiction.

26          16.    **Defendants' Citizenship**: For diversity purposes, a limited liability

27   company's citizenship is determined based on the citizenship of each member of the

28   company.  *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (9th Cir. 1998); *Johnson v.*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

4.

1  *Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899.

2      17.    Defendant is a limited liability company, incorporated in Delaware, and

3  whose sole member is Office Superstore West LLC.  (Anderson Decl. ¶ 4.)  Office

4  Superstore West LLC is a limited liability company, incorporated in the state of

5  Massachusetts, whose sole member is Office Superstore East LLC.  *Id*.  Office

6  Superstore East LLC is a limited liability company, incorporated in the state of

7  Delaware, whose sole member is USR Parent Inc.  *Id.*

8      18.    As a corporation, USR Parent Inc. is deemed to be a citizen of both the

9  state in which it was incorporated and the state where it has its principal place of

10  business.  28 U.S.C. § 1332(c).  USR Parent Inc. is incorporated in Delaware.

11  (Anderson Decl. ¶ 4.)

12      19.    To determine a corporation's principal place of business, courts apply the

13  "nerve center" test, which deems the principal place of business to be the state in which

14  the corporation's officers direct, control, and coordinate the corporation's activities.

15  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation's principal place of

16  business normally is the state in which it maintains its main headquarters.  *Id.*; *see also*

17  *Brietman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (using the "nerve center"

18  test, corporation was citizen of state in which its corporate headquarters were located

19  and where its executive and administrative functions were performed).

20      20.    USR Parent Inc.'s "nerve center" is Framingham, Massachusetts, because

21  its headquarters and corporate offices are located in Framingham, Massachusetts, which

22  is where it performs most if its executive and administrative functions.  (Anderson Decl.

23  ¶ 4.)  Nearly all of the corporate decisions of USR Parent Inc., including operational,

24  executive, administrative, and policymaking decisions are made from Framingham,

25  Massachusetts.  *Id*.  USR Parent Inc.'s management and administrative functions are

26  located in Framingham, Massachusetts, including human resources, finance, treasury,

27  legal, payroll, and safety.  *Id.*

28      21.    Because USR Parent Inc., the sole member of Office Superstore East LLC,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL          5.

1    is a citizen of Delaware and Massachusetts, Office Superstore East LLC is a citizen of

2    Delaware and Massachusetts.  As a matter of law, this means Office Superstore West

3    LLC is a citizen of Delaware and Massachusetts.  Lastly, because Office Superstore

4    West LLC, the sole member of Staples the Office Superstore, LLC, is a citizen of

5    Delaware and Massachusetts, **Defendant Staples the Office Superstore, LLC is a**

6    **citizen of Delaware and Massachusetts**.

7           22.    For purposes of removal, the citizenship of defendants sued under fictitious

8    names should be disregarded, and citizenship of only named defendants should be

9    considered.  28 U.S.C. § 1441(b)(1).

10          23.    Does 1 through 50 are fictitious.  The Complaint does not state the identity

11   or status of these fictitious defendants, nor does it state any specific allegation of

12   wrongdoing against any fictitious defendants.  Pursuant to § 1441(b)(1), the citizenship

13   of these fictitious defendants cannot destroy the diversity of citizenship between the

14   parties and should be disregarded.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690

15   (9th Cir. 1998).

16   **V.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17          24.    Plaintiff's Complaint does not specify the amount that she seeks to recover

18   from Defendant in this action.  Where removal is based on diversity of citizenship and

19   the initial pleading seeks a money judgment but does not demand a specific sum, "the

20   notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a

21   removing defendant "need include only a plausible allegation that the amount in

22   controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*

23   *v. Owens*, 135 S. Ct. 547, 554 (2014)

24          25.    In a recent decision by United States District Court for the Central District

25   of California, the Court affirmed that the removing party does not need to prove actual

26   facts but rather need only include a "short and plain statement" setting forth "a plausible

27   allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso*

28   *v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, *2

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

6.

(C.D. Cal. March 3, 2015) (*citing Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)).  Moreover, Defendant need not submit evidence to support its notice of removal.  *Dart Cherokee*, 135 S. Ct. at 553.  Defendant need only plausibly allege that the amount in controversy exceeds $75,000.  *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

26.    In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her Complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe.  *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that ultimate or provable amount of damages is not what is considered in removal analysis; rather, it is amount put in controversy by plaintiff's complaint).  In determining the amount in controversy, the Court may consider damages awards in similar cases.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

27.    Although Defendant denies the validity and merit of all of Plaintiff's claims and allegations and deny that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000.00, exclusive of interest and costs, as set forth below:

### a.    Lost and Unpaid Wages

28.    Should Plaintiff prevail on her wrongful termination claim, she potentially could recover lost wages and benefits through the date of trial.  CAL. LAB. CODE § 6310(b).

29.    Plaintiff has placed lost wages in controversy.  Plaintiff's Complaint includes five separate causes of action arising out of the conditions and termination of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

7.

1    her employment.  With respect to each, she alleges that she "has suffered and continues

2    to suffer loss of earnings and other employment benefits," and "is thereby entitled to

3    general and compensatory damages."  (Compl. ¶¶ 38, 44, 50, 54, 59.)

4        30.    If Plaintiff prevails on her wrongful termination and/or discrimination

5    claims, she potentially could recover the amount she would have earned up through the

6    date of trial, including any benefits or pay increases.  *See* Judicial Council of California,

7    Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600,

8    607 (1970).  *See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 U.S. Dist.

9    LEXIS 43753, *4 n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in

10   controversy at the time of removal, but it may consider both past and future lost

11   wages.").

12       31.    At the time Plaintiff's employment ended in or around February 2018, she

13   earned $12.35 per hour, working 20 hours per week.  (Anderson Decl. ¶ 5.)  If she were

14   to recover back wages from February 7, 2018 to the present (79 weeks), those wages

15   would total $19,513 ($12.35/hour *x* 20 hours/week *x* 79 weeks).   Moreover, if the case

16   proceeds to trial in July 2020 – a year from when Defendant was served – and Plaintiff

17   remains unemployed, she could seek a total of about 127 weeks of lost wages, or

18   **$31,369** ($12.35/hour *x* 20 hours/week *x* 127 weeks).

19       32.    In addition, front pay awards in California frequently span a number of

20   years.  *See Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four

21   years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).

22   Even conservatively estimating that Plaintiff seeks front pay benefits for only the three

23   years after trial, the amount of future wages in controversy in this case would total at

24   least an additional **$38,532** (($12.35/hour *x* 20 hours/week *x* 52 weeks/year) *x* 3 years).

25       33.    Accordingly, Plaintiff could recover **$69,901** in both back pay and front

26   pay.

27       **b.    Emotional Distress Damages**

28       34.    Plaintiff alleges that, as a result of Defendant's alleged unlawful conduct,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

8.

1    she has suffered, *inter alia*, "emotional injuries, including, but not limited to, emotional

2    distress, depression and anxiety."  (Compl. ¶¶ 38, 44, 50, 54, 59.)  Plaintiff's potential

3    recovery of such damages further augments the foregoing amount and demonstrates that

4    the jurisdictional prerequisite for removal of this action is met.  *See Gibson v. Chrysler*

5    *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are

6    included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp.

7    2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases

8    awarding emotional distress damages and concluding that "substantial jury awards of

9    hundreds of thousands of dollars for non-economic damages have been upheld where

10   there is evidence . . . that the plaintiff suffered heightened mental anguish").

11          35.     In *Kroske*, the Ninth Circuit found that the district court's conclusion that

12   the plaintiff's "emotional distress damages would add at least an additional $25,000.00

13   to her claim" was not clearly erroneous, where she had only $55,000.00 in lost wages,

14   thus satisfying the amount in controversy requirement "even without including a

15   potential award of attorney's fees."  432 F.3d at 980.  Based on the conservative

16   estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages

17   could add at least **$25,000.00** to the amount in controversy.

18                         **c.     Punitive Damages**

19          36.     Plaintiff also alleges that Defendant acted with oppression and malice, and

20   seeks punitive damages on that basis. (Compl. ¶¶ 39, 45, 51, 55.)  Under California law,

21   punitive damages may be recovered "where it is proven by clear and convincing

22   evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ.

23   Code § 2394(a).  Punitive damages may be included in calculating the amount in

24   controversy.  *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785,

25   787 (9th Cir. 1963).  A single-digit ratio (*i.e.*, no more than nine-to-one) is typically

26   appropriate for an award of punitive damages.  *State Farm Mut. Auto. Ins. Co. v.*

27   *Campbell*, 538 U.S. 408, 425 (2003).

28          37.     For instance, in *Wysinger v. Auto. Club of S. Cal.*, the Court upheld

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL                    9.

1   punitive damages of $1 million in a similar discrimination/retaliation case, where the
2   compensatory damages were $280,000.00. 157 Cal. App. 4th 413 (2007). There, the
3   court held that the punitive damages award was supported by evidence that plaintiff's
4   supervisor acted in a "callous and retaliatory" manner, including making offensive
5   comments about age, and the employer denied the plaintiff a transfer after he made a
6   protected complaint. *Id.* at 428. The Court noted that the $1 million punitive damages
7   award was less than four times the amount of compensatory damages, and, as such,
8   "falls within the range of multipliers that are commonly used to achieve the goals
9   of punitive damages." *Id.* at 429.

10      38.   Here, the amount in controversy on the punitive damages component of
11  Plaintiff's claims can be measured as a multiple of the amount in controversy on her
12  claims for lost or unpaid wages and benefits, which is approximately $69,901, as set
13  forth above. Thus, without conceding that such (or any) an award is warranted, the
14  amount in controversy on the punitive damages component of Plaintiff's claims is
15  anywhere between **$69,901** (a multiple of 1) and **$629,109** (a multiple of 9). Using a
16  multiple of four (4) as a midway point, like the Court in *Wysinger*, would result in
17  punitive damages totaling approximately **$279,604**.

18              **d.   Attorneys' Fees**

19      39.   Plaintiff's Complaint also includes a claim for attorney's fees. (Compl.,
20  "Prayer for Relief" ¶ (d).) Attorneys' fees that are potentially recoverable by statute
21  also are included in determining the amount in controversy. *Galt G/S v. JSS*
22  *Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

23      40.   The bulk of Plaintiff's Complaint alleges violations of the Fair
24  Employment and Housing Act, which authorizes an award of reasonable attorneys' fees
25  to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees
26  cannot be precisely calculated, it is reasonable to assume that they could exceed a
27  damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002)
28  (noting that "attorneys' fees in individual discrimination cases often exceed the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

10.

1  damages"). The estimate of attorneys' fees includes fees over the life of the case, not

2  just the fees incurred at the time of removal. *Id.*

3       41.    "Recent estimates for the number of hours expended through trial for

4  employment cases in [the Central District of California] have ranged from 100 to 300

5  hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly,

6  attorneys' fees in [an employment discrimination case alleging wrongful termination]

7  may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)."

8  *Sasso*, 2015 WL 898468 at *6 (citations omitted). Thus, Plaintiff's demand for

9  attorneys' fees adds at least **$30,000.00** to the amount in controversy. A $30,000.00

10  estimate is exceedingly conservative. *See, e.g. Wysinger*, 157 Cal. App. 4th at 430-31

11  (upholding award of $978,791.00 for age discrimination/retaliation case that went to

12  trial).

13       42.    Consequently, a preponderance of the evidence demonstrates that the

14  amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15  **VI.   NOTICE TO STATE COURT AND PLAINTIFF**

16       43.    As required by 28 U.S.C. § 1446(d), Defendant will promptly provide

17  written notice of this Notice of Removal to Andrew M. Wyatt, counsel for Plaintiff, and

18  will also promptly file a copy of this Notice of Removal with the Clerk of the Superior

19  Court of the State of California, Los Angeles County.

20  **VII.  CONCLUSION**

21       WHEREFORE, having fulfilled all statutory requirements, Defendant removes

22  this action from the Superior Court of Los Angeles County, California, to this Court,

23  and requests that this Court assume full jurisdiction over this matter as provided by law

24  Dated:  August 14, 2019

                                    */s/ Miranda A. Mossavar*

25                                      KARA L. JASSY

26                                      MIRANDA A. MOSSAVAR
                                    LITTLER MENDELSON, P.C.

27                                      Attorneys for Defendant
                                    STAPLES THE OFFICE

28                                      SUPERSTORE, LLC

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT STAPLES THE OFFICE
SUPERSTORE, LLC'S NOTICE OF REMOVAL

11.