# Exhibit 1

Electronically FILED by Superior Court of California, County of Los Angeles on 06/10/2019 02:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:19-cv-07086-CJC-SK   Document 1-3   Filed 08/14/19   Page 2 of 42   Page ID #:19

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Keosian

1

WYATT LAW
20750 Ventura Boulevard, Suite 440
Woodland Hills, California 91364
Telephone:      (818) 710-3813
Facsimile:      (818) 710-1938
ANDREW M. WYATT, State Bar No. 158759

2

3

4

5

Attorney for Plaintiff,
JANICE REYES

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

JANICE REYES,                             )   CASE NO.  19STCV20091

11                                          )
                                            )   COMPLAINT FOR DAMAGES
12              Plaintiff,                   )
                                            )   1.    Violation of the California Fair
13          vs.                             )         Employment and Housing Act's
                                            )         Prohibition of Harassment in
14  STAPLES THE OFFICE SUPERSTORE,          )         Employment on the Basis of Race
    LLC, and DOES 1 through 100, Inclusive, )         (Cal. Gov't Code § 12940(j)(1))
15                                          )   2.    Violation of the California Fair
                                            )         Employment and Housing Act's
16              Defendants.                  )         Prohibition of Discrimination in
                                            )         Employment on the Basis of National
17                                          )         Origin/Race Cal. Gov't Code § 12940(
                                            )         a))
18  _____ )   3.    Failure to Remedy and Prevent
                                                      Discrimination and Harassment
19                                                    Cal. Gov't Code § 12940( k))
                                                4.    Wrongful Termination in Violation of
20                                                    Public Policy
                                                5.    Negligent Retention and Supervision

21

22

23

24

25

26

27

28

1

Plaintiff, JANICE REYES, alleges as follows:

**GENERAL ALLEGATIONS**

1.     Plaintiff, JANICE REYES [hereinafter "REYES" and/or "Plaintiff"), an individual, is and was at all times mentioned herein an individual, residing in the State of California in the County of Los Angeles.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant STAPLES THE OFFICE SUPERSTORE, LLC, [hereinafter "STAPLES" and/or "Defendant"], is and was at all times mentioned herein a limited liability company, doing business in the State of California, County of Los Angeles.

3.     At all times mentioned herein, Defendants, and each of them, were the agents and employees of each of the Defendants, and were at all times acting within the course and scope of said agency and employment, and each Defendant has ratified and approved the acts of his agent.

4.     That the true names and/or capacities, whether individual, corporate, associate, governmental or otherwise of Defendants Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Each of the Defendants designated herein as a Doe is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and thereby proximately caused injuries and damages to the plaintiff as herein alleged.  Plaintiff will ask leave of the Court to amend this complaint to show the true names and capacities of said DOES when the same have been ascertained.

5.     Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences alleged in this Complaint and the losses suffered by Plaintiff, and that Plaintiff's damages as alleged in this Complaint were proximately caused by their conduct.

6.     Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, the Defendants and Does 1 through 100, inclusive, and each of them, were the agents, representatives, partners and/or employees of one another, and in doing the things

1   hereinafter alleged, were acting within the course and scope of such authority and employment

2   and with the permission and consent of the Defendants. Plaintiff is further informed and

3   believes and thereon alleges that all actions of each Defendant was ratified by each other

4   Defendant.

5                                    **FACTUAL ALLEGATIONS**

6          7.     On February 1 2018, approximately 10:36 am ten minutes after Plaintiff's break,

7   Defendant Sherri Shepherd and her friend, Kim Tavares, came in to Staples store, located at

8   4641 Santa Monica Boulevard, East Hollywood, for Tavares to use for the restroom. The ladies

9   entered from the exit door and Shepherd said rudely to Plaintiff "bathroom."

10         8.     Earlier in the day, Plaintiff was advised by the morning supervisor, Gabriel

11  Cardenas, that the restrooms where under maintenance and to not allow any customers inside

12  the restrooms. Almost every morning, one of Plaintiff's coworkers would clean the restrooms

13  and during the time of mornings, restrooms would not be open to the public.

14         9.     When these two ladies, Sherri Shepherd and her friend Kim Tavares, entered the

15  store they came in directly to ask for the restroom. Shepherd's friend, Kim Tavares, asked

16  Plaintiff first if they have restrooms. Plaintiff replied to her saying that the restrooms were out

17  of order but she can try Rite Aid's or Waba Grill's restroom. Tavares left Staples to search for

18  the restroom in the plaza.

19         10.    Moments later, one of the managers, Edgar came up to Plaintiff's register while

20  she was checking out a customer and told her, "You know the ladies who asked for the

21  restroom? They are upset because you didn't let them in." Shepherd and Tavares told Edgar

22  that they wanted Plaintiff fired because she was a racist. Shepherd demanded that he provide

23  them with corporate's phone number.

24         11.    Plaintiff stared at Edgar and told him "Really?" At this point Shepherd and

25  Tavares stood in line for Plaintiff to ring them up with the items they were holding. Edgar left

26  to help out another customer with their merchandise. Edgar knew or should have known that

27  Shepherd and Tavares were in Plaintiff's line in order to harass her because of their belief

28  Plaintiff was a racist. Edgar should have notified the other managers of the situation and

1  stepped in to prevent any further interaction with Plaintiff.

2      12.   When Shepherd and Tavares came to the register, Plaintiff smiled, greeted them
3  and started checking their items. The items they came to the register with was just a $1.00
4  notebook.

5      13.   While Plaintiff was checking them out, Kim Tavares told Plaintiff in an aggravated
6  tone, "You know the restrooms are not out of order."

7      14.   Plaintiff knew that they wanted an explanation so she said "Oh sorry we have a
8  policy we don't allow customers use the restrooms when they don't purchase anything or when
9  the restrooms are out of order."

10     15.   Kim Tavares said to Plaintiff " Why would you say that? Why would you lie to
11 my face?" That's when Shepherd got involved and started telling Plaintiff "yeah why would
12 you lie to us".

13     16.   Plaintiff was feeling attacked by these two ladies who were in a loud shouting
14 manner insulting her and then they started calling her a "Stupid liar." Plaintiff was stunned by
15 their behavior and froze in the moment. She did not respond. Shepherd and Tavares were
16 aggressively provoking Plaintiff in an effort to get into an altercation.

17     17.   While this is happening two of the supervisors, Gabriel Cardenas and Adrian
18 Tadeo, were standing behind Plaintiff.  She turned her head towards them and could see them
19 glancing at her but they didn't step in for her. Shepherd, African American, was harassing
20 Plaintiff, Hispanic, on the basis of her race. By the two supervisors' failure to step in and de-
21 escalate the situation, Staples created a hostile work environment for Plaintiff. Shepherd and
22 Tavares antagonized Plaintiff on the basis of her race, because they accused her of being a
23 racist for not allowing Tavares to use the bathroom.

24     18.   The berating by Shepherd and Tavares went on for several minutes and Plaintiff
25 stood at the cash register helplessly without any assistance from the two managers nearby.
26 Eventually Plaintiff got overwhelmed at the situation and lost her composure after taking the
27 tirade by Shepherd and Tavares. Plaintiff, in a non-aggressive voice said words to the effect,
28 "Because I'm behind the counter doesn't mean you can talk to me that way. You know what.

1    I'm not taking this shit," and then she left the counter.  At no time did Plaintiff raise her voice to

2    either of them and the expletive was not directed at either of them. At no time did the managers

3    who were nearby step in to stop the mistreatment by Shepherd and Tavares.  Kim Tavares

4    started yelling at Plaintiff saying "I'm going to get you fired!" Shepherd demanded to Gabriel

5    that Plaintiff be fired. She told him she was going to contact corporate to complain and demand

6    Plaintiff be fired.

7         19.    Plaintiff headed  straight to the women's restroom to calm down and saw the

8    Copy Center supervisor, Anais Suarez, who asked "What's wrong?", Plaintiff explained what

9    happened to her. Ms Suarez told Plaintiff that she had encountered Shepherd and Tavares

10   earlier and overheard one of them saying "How dare that bitch lie to me."

11        20.    Edgar walked in the break room and asked Plaintiff  "Are you better now? Do you

12   want to go home?"  Plaintiff told him "its okay I'll be fine." Edgar informed Plaintiff "So those

13   ladies left really mad and one of them is a celebrity, they're going to do something about it with

14   corporate." At this time, Plaintiff told tell him " I don't care who they are, they disrespected me,

15   I wasn't going to stay quiet."

16        21.  Around 12pm , the General Manager, Rick Rangel, walked in and was informed

17   about what had happened earlier during the day. After the incident happened, there were

18   numerous calls from Sherri Shepherd's assistant and Staples corporate. When Mr. Rangel heard

19   about Plaintiff's side of the story he said that he understood but she  shouldn't have cursed and

20   that he was going to defend her side.  At no time did Mr. Rangel want to terminate Plaintiff

21   because of the incident.

22        22.  On February 2, Plaintiff came in to Staples, and the two morning supervisors,

23   Gabriel Cardenas and Adrian Tadeo, told her how CBS news were at the store the night before

24   and how Sherri Shepherd posted a video on Instagram about the incident claiming she was

25   racially profiled by Plaintiff. Plaintiff was in shock and Gabriel told her to ignore it.

26        23.    That day Plaintiff didn't stay on the register because management wanted her to go

27   to the back office to talk to corporate on the phone. Plaintiff went to the back office and the

28   General Manager, Rick Rangel, told her how corporate had been calling since the day before

1    gathering information because Staples was being labeled as racial profiling. He again told

2    Plaintiff that he was going to support her and for her to give them her statement with facts.

3        24.   Mr. Rangel handed Plaintiff a paper and told her to write her statement and to stay

4    in his office because she was going to be interviewed by a corporate employee on the phone.

5    Plaintiff told corporate that she was subjected to harassment and berating by Shepherd and

6    Tavares. She explained that, after no manager stepped in to stop it, she eventually lost her

7    composure and said the "s" word because of here frustration in the situation.

8        25.   After the phone call, Plaintiff just stayed in the office and was showed video

9    footage of Shepherd and her friend attacking Plaintiff. Mr. Rangel mentioned how in the video

10   footage it showed clearly how they are the ones attacking her because of their defined hand

11   gestures.

12       26.   That weekend Plaintiff experienced anxiety and depression because she couldn't

13   stop checking Sherri Shepherd's Instagram post and the comments of her followers.

14       27.   On February 6, Plaintiff returned to work. Mr. Rangel told Plaintiff to go to his

15   office and informed her that she was being terminated. Mr. Rangel said he tried everything he

16   could but corporate had the last decision. Sherri Shepherd, because of her celebrity, had

17   Plaintiff terminated from her job. Plaintiff was told it was because she used the "s" word in

18   front of a customer. Plaintiff believes the real reason was because she was accused of racial

19   profiling and was fired in retaliation for complaining about Staples management not taking

20   action against Shepherd because she was a celebrity.

21       28.   But for the illegal and discriminatory action by Staples, Ms. Reyes would have

22   been continuously employed at the East Hollywood store. By virtue of her illegal termination,

23   Ms. Reyes has been disadvantaged in future pursuit of employment.

24       29.   On June 11, 2018, Plaintiff filed a Charge of Discrimination on the basis of

25   race discrimination, harassment, retaliation, and wrongful termination against Staples with the

26   Department of Fair Employment and Housing (DFEH), Matter Number 201806-02561912.

27       30.   Ms. Reyes has exhausted her administrative remedies and received her

28   Notice of Right to Sue from the DFEH on June 11, 2018.

### FIRST CAUSE OF ACTION
Violation of the California Fair Employment and Housing Act's Prohibition
of Harassment in Employment on the Basis of Race
(Cal. Gov't Code § 12940(j)(1))
(Plaintiff Against All Defendants)

31. Plaintiff incorporates paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. California's Fair Employment and Housing Act (FEHA) proscribes employers from harassing an employee " because of ... religious creed, color, national origin." Cal. Gov't Code § 12940( a).

32. Further, FEHA makes it unlawful for an employer that " knows or should have known of this conduct and fails to take immediate and appropriate corrective action." Id.

33. In violation of FEHA, Plaintiff was subjected to offensive comments and other abusive conduct based on her national origin and race by two customers that was severe and pervasive, altering the conditions of her employment. The conduct was unreasonably abusive and created an offensive and hostile work environment for Plaintiff and for any reasonable person in Plaintiff's position.

34. In violation of FEHA, Plaintiff's supervisors stood by and allowed Shepherd and Tavares to harass plaintiff by yelling at her and calling her discriminatory and derogatory slurs such as "stupid liar, and accusing Plaintiff of racially profiling them. Plaintiff's supervisors and co-workers stood by while Plaintiff was being berated and accused of racial profiling.

35. Plaintiff repeatedly complained to her managers about the harassing conduct of the customers and the failure of her supervisors and co-workers to intervene.

36. In violation of FEHA, Plaintiff's managers failed to take prompt and appropriate action to remedy and prevent the harassment of Plaintiff by Shepherd and Tavares.

37. Defendant Staples is liable for the offensive and harassing conduct of its customers.

38. As a direct and proximate result of defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer emotional injuries, including, but not limited to, emotional distress, depression and anxiety. Plaintiff has suffered and continues to suffer loss of earnings and other employment benefits. Plaintiff is thereby entitled to general and compensatory

1  damages in amounts to be proven at trial.

2      39. The conduct of Defendants, through their customers, as described herein was

3  malicious, fraudulent, and oppressive and/or done with knowledge that they were acting in

4  violation of state law, and/ or with a willful and conscious disregard for Plaintiff's rights and

5  for the deleterious consequences of their actions. Consequently, Plaintiff is entitled to punitive

6  damages.

7  SECOND CAUSE OF ACTION<br>Violation of the California Fair Employment and Housing Act's Prohibition

8  of Discrimination in Employment on the Basis of National Origin/Race<br>Cal. Gov' t Code § 12940( a))

9  (Plaintiff Against All Defendants)

10      40. Plaintiff incorporates paragraph 1 through 39 of this Complaint as if fully set forth

11  herein.

12      41. California's Fair Employment and Housing Act (FEHA) makes " it is an unlawful

13  employment practice ...[ f]or an employer, because of the ... race or national origin ... of any

14  person, ... to discriminate against the person in compensation or in terms, conditions, or

15  privileges of employment." Cal. Gov't Code § 12940( a).

16      42. FEHA's prohibition on discrimination in employment on the basis of race or

17  national origin applies to businesses regularly employing five or more persons. Cal. Gov't Code

18  § 12926.

19      43. In violation of FEHA, Defendant discriminated against Plaintiff on the basis of her

20  race or national origin (Hispanic), while providing more favorable treatment of similarly

21  situated persons outside her protected class and through other acts or omissions giving rise to

22  an inference of discrimination.

23      44. As a direct and proximate result of defendants' unlawful conduct, Plaintiff has

24  suffered and will continue to suffer emotional injuries, including, but not limited to, depression

25  and anxiety. Plaintiff has suffered and continues to suffer loss of earnings and other

26  employment benefits. Plaintiff is thereby entitled to general and compensatory damages in

27  amounts to be proven at trial.

28      45. The conduct of Defendant, through their agents, as described herein was malicious,

8
COMPLAINT FOR DAMAGES

1  fraudulent, and oppressive and/ or done with knowledge that they were acting in violation of

2  state law, and/ or with a willful and conscious disregard for Plaintiff' s rights and for the

3  deleterious consequences of their actions. Consequently, Plaintiff is entitled to punitive

4  damages.

5

6                           THIRD CAUSE OF ACTION
                Failure to Remedy and Prevent Discrimination and Harassment
7                          Cal. Gov' t Code § 12940( k))
                         (Plaintiff Against All Defendants)
8

9        46.  Plaintiff incorporates paragraph 1 through 45 of this Complaint as if fully set forth

10  herein

11       47.  FEHA requires employers to take " all reasonable steps necessary to prevent

12  discrimination and harassment from occurring." Cal. Gov' t Code § 12940( lc). I: In violation of

13  FEHA, Plaintiff was subjected to severe and pervasive harassment and discrimination based on

14  her race, national origin and color. Plaintiff's supervisors stood by and did not take any action

15  to prevent or stop the harassment by Shepherd and Tavares from occurring and continuing.

16       48. In violation of FEHA, Defendant failed to take all reasonable steps necessary to

17  prevent discrimination and harassment based on Plaintiff' s race, national origin and color. In

18  addition, Defendant failed to remedy such discrimination and harassment when they realized

19  and were informed that it was occurring. Defendants further failed to train, supervise, and

20  monitor their employees and agents.

21       49. Indeed, Plaintiff's managers deflected responsibility by failing to intervene when

22  Plaintiff was being harassed. Defendants' failure to take reasonable steps to prevent

23  discrimination and harassment based on race, national origin and color fostered, created and

24  encouraged an environment where such discrimination and harassment was condoned,

25  encouraged, tolerated, sanctioned and/ or ratified.

26       50. As a direct and proximate result of defendants' unlawful conduct, Plaintiff has

27  suffered and will continue to suffer emotional injuries, including, but not limited to, emotional

28  distress, depression and anxiety. Plaintiff has suffered and continues to suffer loss of earnings

and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

51.   The conduct of Defendant, through their agents, as described herein was malicious, fraudulent, and oppressive and/ or done with knowledge that they were acting in violation of state law, and/ or with a willful and conscious disregard for Plaintiff s rights and for the deleterious consequences of their actions.  Consequently, Plaintiff is entitled to punitive damages.

### FOURTH CAUSE OF ACTION
#### Wrongful Termination in Violation of Public Policy
#### (Plaintiff Against All Defendants)

52.   Plaintiff incorporates paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.   For all the reasons set forth above, the conduct of Defendants constituted wrongful termination. Such termination is contrary to public policy, as embodied in the following laws, statutes and regulations, among others: all state and federal statutes and regulations prohibiting discrimination and failure to accommodate religion, including the Fair Employment and Housing Act.

54.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer emotional injuries, including, but not limited to, depression and anxiety. Plaintiff has suffered and continues to suffer loss of earnings and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

55.   The conduct of Defendants, through their agents, as described herein was malicious, fraudulent, and oppressive and/ or done with knowledge that they were acting in violation of state law, and/ or with a willful and conscious disregard for Plaintiff s rights and for the deleterious consequences of their actions. Consequently, Plaintiff is entitled to punitive damages.

FIFTH CAUSE OF ACTION
Negligent Retention and Supervision
[Plaintiff Against All Defendants]

56.  Plaintiff incorporates paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.  Plaintiff was subjected to severe harassment based on her race and national origin by Shepherd and Tavares. Defendant's supervisors stood by and watched it happen without making any effort to intervene.

58.  Defendants failed to take immediate and appropriate corrective action. In failing to do so, defendants showed demonstrable negligence in the retention and supervision of their employees resulting in a foreseeable harm on plaintiff. Defendants' negligence created and encouraged an environment where such harassment was condoned, encouraged, tolerated, affirmatively authorized and/ or ratified.

59.  As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer emotional injuries, including, but not limited to, depression and anxiety. Plaintiff has suffered and continues to suffer loss of earnings and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor:

a) Declaring that the actions of Defendants described above constitute harassment on the basis of race and national origin in the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940( j )( 1) and 12940( k).

b) Declaring that the actions of Defendants described above constitute discrimination on the basis of race and national origin in violation of the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940( a) and 12940( 1).

c) Awarding Plaintiff applicable statutory, actual, and punitive damages under each cause of action;

d) Awarding Plaintiff her expenses, costs, fees, and other disbursements associated with the filing and maintenance of this action, including reasonable attorneys' fees pursuant to California Gov't Code 12965, California Code of Civ. Proc. § 1021. 5 and any other applicable provision of law;

f) Awarding such other equitable and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

DATED: June 6, 2019                          WYATT LAW

By: _____
ANDREW M. WYATT
Attorney for Plaintiff,
JANICE REYES

Exhibit "1"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

June 11, 2018

Andrew Wyatt
20750 Ventura Boulevard 440
Woodland Hills, California 91364

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201806-02561912
      Right to Sue: Reyes / Staples The Office Superstore, LLC

Dear Andrew Wyatt:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint. This is not a new Right to Sue letter. The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Janice Reyes                                        DFEH No. 201806-02561912

                              Complainant,

vs.

Staples The Office Superstore, LLC
500 Staples Drive
Farmingham, Massachusetts 01702

                              Respondents

_____

1. Respondent **Staples The Office Superstore, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Janice Reyes**, resides in the City of **Los Angeles** State of **California.**

3. Complainant alleges that on or about **February 1, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race.

**Complainant was discriminated against** because of complainant's race and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** Customer, African American, came into the store to use the bathroom. Complainant, Hispanic, was told by her manager to tell customers that the bathroom was out of order. Customer believed that Complainant racially profiled her because she was not allowed to use the bathroom. Customer created a hostile working environment by yelling at Complainant, calling her a "stupid liar," and

Date Filed: June 11, 2018
Date Amended: June 11, 2018

1  accusing her of racial profiling, and demanding that she be fired. Managers, who
   witnessed the harassment, stood by and did not intervene to stop the harassment.
2  Complainant, overwhelmed by the aggressive behavior, said "I don't need this shit"
3  and walked away. On 2/6/2018 Complainant was told she was terminated for using a
   swear word in front of a customer. The real reason is that she was retaliated against
4  for complaining that management did not stop the harassment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
*Complaint -- DFEH No. 201806-02561912*

Date Filed: June 11, 2018
Date Amended: June 11, 2018

1 | VERIFICATION

2 | I, **Andrew Wyatt**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
on information and belief, which I believe to be true.

4 | On June 11, 2018, I declare under penalty of perjury under the laws of the State of
5 | California that the foregoing is true and correct.

**Woodland Hills, California**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-
*Complaint – DFEH No. 201806-02561912*

28

Date Filed: June 11, 2018
Date Amended: June 11, 2018

Exhibit "2"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

June 11, 2018

Janice Reyes

RE:     **Notice of Case Closure and Right to Sue**
          DFEH Matter Number: 201806-02561912
          Right to Sue: Reyes / Staples The Office Superstore, LLC

Dear Janice Reyes,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 11, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

 **CT Corporation**

**Service of Process Transmittal**
07/15/2019
CT Log Number 535866720

**TO:**    KEVIN JONES
Staples, Inc.
V#30352, 500 STAPLES DRIVE
5 WEST
FRAMINGHAM, MA 01702-

**RE:**    **Process Served in California**

**FOR:**    Staples the Office Superstore, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Janice Reyes, Pltf. vs. Staples the Office Superstore, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Stipulation and Order(s), Attachments |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # 19STCV20091 |
| **NATURE OF ACTION:** | Voluntary Efficient Litigation Stipulations |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/15/2019 at 14:23 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Wyatt Law<br>20750 Ventura Boulevard, Suite 440<br>Woodland Hills, CA 91364<br>818-710-3813 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780120343210 |
| | Image SOP |
| | Email Notification,  Betsy McKinlay  betsy.mckinlay@staples.com |
| | Email Notification,  KEVIN JONES  kevin.jones@staples.com |
| | Email Notification,  CAROLINE TURCOTTE  caroline.turcotte@staples.com |
| | Email Notification,  YVETTE FAGAN  yvette.fagan@staples.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / ZB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically FILED by Superior Court of California, County of Los Angeles on 07/10/2019 04:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk
19STCV20091

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STAPLES THE OFFICE SUPERSTORE, LLC, and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Janice Reyes

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):* 19STCV20091 |
|---|---|

111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wyatt Law, 20750 Ventura Boulevard, Suite 440, Woodland Hills, CA 91364 (818) 710-3813

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* | 07/10/2019 | Clerk, by<br>*(Secretario)* | Della Ramos | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   _(INSERT DATE)_ _____ _(INSERT DATE)_ _____
   complaint, which is comprised of the 30 days to respond under Government Code § 88616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lacourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____       ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)
Date:

_____       ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____       ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____       ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:

_____       ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____ )
Date:

_____       ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____ )
Date:

_____       ➤  _____
(TYPE OR PRINT NAME)                      (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**FAX NO (Optional):**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a. The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

**b. Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and; at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT ) FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

  a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

  b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

  c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

  d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

1  5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2  Electronic filing service providers must obtain and manage registration information for persons

3  and entities electronically filing with the court.

4  6) TECHNICAL REQUIREMENTS

5  a) Electronic documents must be electronically filed in PDF, text searchable format when

6  technologically feasible without impairment of the document's image.

7  b) The table of contents for any filing must be bookmarked.

8  c) Electronic documents, including but not limited to, declarations, proofs of service, and

9  exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10  3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked

11  item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12  bookedmarked item and briefly describe the item.

13  d) Attachments to primary documents must be bookmarked.  Examples include, but are not

14  limited to, the following:

15  i)   Depositions;

16  ii)  Declarations;

17  iii) Exhibits (including exhibits to declarations);

18  iv)  Transcripts (including excerpts within transcripts);

19  v)   Points and Authorities;

20  vi)  Citations; and

21  vii) Supporting Briefs.

22  e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23  encouraged.

24  f) Accompanying Documents

25  Each document acompanying a single pleading must be electronically filed as a separate

26  digital PDF document.

27  g) Multiple Documents

28  Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

1      b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2        day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte

3        application must be provided to the court the day of the ex parte hearing.

4   9) PRINTED COURTESY COPIES

5      a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6        be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If

7        the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8        by 10:00 a.m. the next business day.

9      b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10       electronic submission) is required for the following documents:

11         i) Any printed document required pursuant to a Standing or General Order;

12         ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26

13           pages or more;

14         iii) Pleadings and motions that include points and authorities;

15         iv) Demurrers;

16         v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17         vi) Motions for Summary Judgment/Adjudication; and

18         vii) Motions to Compel Further Discovery.

19     c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20       additional documents. Courtroom specific courtesy copy guidelines can be found at

21       www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23     a) Fees and costs associated with electronic filing must be waived for any litigant who has

24       received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25       1010.6(d)(2).)

26     b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27       section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be

28       electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   1) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3     Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4     Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019



          KEVIN C. BRAZILE

11                  Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/10/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____Ricardo Perez_____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV20091 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Gregory Keosian | 61 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 06/10/2019
(Date)                                                By Ricardo Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**